IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEURELIS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PADAGIS LLC, PADAGIS US LLC, AND PADAGIS ISRAEL PHARMACEUTICALS LTD.<br><br>*Defendants*. | C.A. No. _____ |

# COMPLAINT

Plaintiff Neurelis, Inc. ("Neurelis"), by and through its attorneys, brings this action against Defendants Padagis LLC, Padagis US LLC, Padagis Israel Pharmaceuticals Ltd. (collectively, "Padagis") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent Nos. 12,324,852 (the "'852 patent") and 12,337,061 (the "'061 patent") (collectively, the "Asserted Patents") under the patent laws of the United States, Title 35, United States Code, that arises out of Padagis's submission of Abbreviated New Drug Application ("ANDA") No. 219320 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell and/or import generic versions of VALTOCO® (diazepam nasal spray), prior to the expiration of the Asserted Patents.[1] Padagis's ANDA No. 219320 covers a diazepam nasal spray, 10 mg/spray (the "Padagis ANDA Product").

---

[1] Two prior, related cases entitled *Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:24-cv-00562MN (the "Padagis I Action") and *Neurelis, Inc. v. Padagis LLC, et. al.,* C.A. No. 1:25-cv-00821MN" (the "Padagis II Action") were filed in this Court on May 8, 2024 and July 2, 2025, respectively. The Padagis I Action alleges infringement of U.S. Patent Nos. 11,241,414 (the "'414 patent"),

## THE PARTIES

2. Neurelis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3430 Carmel Mountain Road, Suite 300, San Diego, California 92121.

3. On information and belief, Defendant Padagis Israel Pharmaceuticals Ltd. ("Padagis Israel") is a company organized and existing under the laws of Israel with a principal place of business at 1 Rakefet Street, Shoham, Israel 6085000.

4. On information and belief, Defendant Padagis LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 1251 Lincoln Road, Allegan, Michigan 49010-9706.

5. On information and belief, Defendant Padagis US LLC ("Padagis US") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 1251 Lincoln Road, Allegan, Michigan 49010-9706.

6. On information and belief, Padagis Israel and Padagis US are wholly-owned subsidiaries of Padagis LLC.

7. On information and belief, Padagis LLC directs the operations, management, and activities of Padagis Israel and Padagis US in the United States.

8. On information and belief, Padagis LLC, Padagis US, and Padagis Israel are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to development, regulatory approval, marketing, sale, offer for sale, and distribution of generic

---

11,793,786 (the "'786 patent"), and 8,895,546 (the "'546 Patent") and the Padagis II Action alleges infringement of U.S. Patent No. 12,268,664 (the "'664 Patent"). Those infringement claims remain pending against Padagis and are not repeated herein. Pursuant to L.R. 3.1, the Civil Cover Sheet accompanying this Complaint indicates that the Padagis I and II Actions are Related Actions.

pharmaceutical products throughout the United States, including into Delaware, and including with respect to Padagis's ANDA Product.

9. On information and belief, Padagis participated in, assisted, and cooperated in the acts complained of herein, and acted in concert to prepare and submit ANDA No. 219320 (the "Padagis ANDA") to the FDA for the manufacture, importation, marketing, and sale of the drug that is the subject of the Padagis ANDA if it is approved.

## JURISDICTION

10. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201, and 2202.

11. This Court has personal jurisdiction over Padagis LLC because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Padagis LLC is a limited liability company formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Padagis LLC develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

12. This Court has personal jurisdiction over Padagis US because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Padagis US is a limited liability company formed under the laws of the State of Delaware, is qualified to do

business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Padagis US develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

13. Padagis Israel is subject to personal jurisdiction in Delaware because, among other things, Padagis Israel, itself and through itself and through its affiliates Padagis LLC and Padagis US, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hailed into court here. On information and belief Padagis Israel, itself and through its affiliates Padagis LLC and Padagis US, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware, and/or has engaged in systemic and continuous business contacts within the State of Delaware.

14. Padagis has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Hikma Pharms. USA Inc. v. Padagis Israel Pharms. Ltd.*, C.A. 1:23-cv-00654-GBW-SRF, Docket No. 11 at 38-39, Counterclaims ¶ 42 (Aug. 14, 2023). This Court has personal jurisdiction over Padagis because Padagis LLC, Padagis US, and Padagis Israel previously submitted to the jurisdiction of this Court. *See id.*, D.I. 11 at 7, Answer to ¶ 11 (Aug. 14, 2023). Further, Padagis

Israel availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id.*, D.I. 11 at 32-56 (Counterclaims). Still further, all three Padagis entities have submitted to the jurisdiction of this Court in the two Related Actions. *See, supra* n. 1 (Padagis I & II Actions).

15. Alternatively, if Padagis Israel's connections with Delaware, including its connections with Padagis LLC and Padagis US, are found to be insufficient to confer personal jurisdiction then, on information and belief, exercising jurisdiction over Padagis Israel is proper because: (a) Plaintiff's claims arise under federal law; (b) Padagis Israel is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Padagis Israel has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Padagis Israel satisfies due process. Federal Rule of Civil Procedure 4(k)(2).

## **VENUE**

16. Venue is proper in this district as to Padagis LLC pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Padagis LLC is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

17. Venue is proper in this district as to Padagis US pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Padagis US is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

18. Venue is proper in this district as to Padagis Israel because, *inter alia*, Padagis Israel is a company organized and existing under the laws of Israel, and as a nonresident Defendant, may be sued in this judicial district pursuant to 28 U.S.C. § 1391(c)(3).

19. Further, Padagis has not contested venue in this district before this Court in the two Related Actions. *See, supra* n. 1 (Padagis I & II Actions).

## VALTOCO® AND THE PATENTS-IN-SUIT

20. Neurelis was founded in 2007 to develop, license, and commercialize novel drug product candidates that target the broader central nervous system ("CNS") with application in the fields of epilepsy and psychiatry.

21. Neurelis holds approved New Drug Application ("NDA") No. N211635, pursuant to which the FDA granted approval for the commercial manufacture, marketing, sale, and use of VALTOCO (diazepam nasal spray) (5 mg, 7.5 mg, or 10 mg of diazepam per 0.1 ml). VALTOCO is a prescription nasal spray rescue medicine used in the treatment of specific seizure activity in patients with epilepsy 2 years of age and older. Specifically, VALTOCO is indicated for the short-term treatment of "seizure clusters," or intermittent, stereotypic episodes of frequent seizure activity (*i.e.*, acute repetitive seizures) that are distinct from a patient's usual seizure pattern.

22. Neurelis is the owner of the '852 patent, titled "Administration of Benzodiazepine Compositions." The '852 patent was duly and legally issued on June 10, 2025. The '852 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011. A true and correct copy of the '852 patent is attached hereto as Exhibit A.

23. The '852 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and dodecyl maltoside.

24. Neurelis is the owner of the '061 patent, titled "Administration of Benzodiazepine Compositions." The '061 patent was duly and legally issued on June 24, 2025. The '061 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011. A true and correct copy of the '061 patent is attached hereto as Exhibit B.

25. The '061 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a pharmaceutical solution for nasal administration consisting of a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, ethanol, and dodecyl maltoside.

26. Pursuant to 21 U.S.C. § 355(b)(1), Neurelis previously submitted information concerning the '852 and '061 patents to the FDA in connection with NDA No. N211635, identifying each as a patent covering VALTOCO. The '852 and '061 patents have been listed (along with other patents) in the FDA publication "Approved Drug Products with Therapeutic Equivalents Evaluations" (commonly known as the "Orange Book") as covering VALTOCO.

27. The Orange Book lists the expiration date for the '852 patent as October 16, 2032 and June 13, 2032, for the '061 patent.

**PADAGIS'S ANDA NO. 219320 AND NOTICE LETTERS**

28. Padagis first notified Neurelis by letter dated March 26, 2024 (the "First Padagis Notice Letter") that it had submitted ANDA No. 219320 (the "Padagis ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO (diazepam nasal spray), 10 mg diazepam/spray (the "Padagis ANDA Product") prior to the expiration of the '546, '414 and '786 patents. The First Padagis Notice Letter informed Neurelis

that Padagis's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '546, '414 and '786 patents are invalid, not enforceable, and/or not infringed by the Padagis ANDA Product.

29. The First Padagis Notice Letter was sent on behalf of Padagis Israel, executed by the Vice President of Legal Affairs at Padagis US (Landon R. Clark), and provided Padagis US as an agent authorized to accept service of process.

30. In response to the First Padagis Notice Letter, Neurelis commenced the Padagis I Action within forty-five (45) days of Neurelis's receipt of the First Padagis Notice Letter. Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

31. Padagis notified Neurelis by letter dated May 21, 2025 (the "Second Padagis Notice Letter") that it had submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell the Padagis ANDA Product prior to the expiration of the '664 patent. The Second Padagis Notice Letter informed Neurelis that Padagis's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '664 patent are invalid, not enforceable, and/or not infringed by the Padagis ANDA Product.

32. The Second Padagis Notice Letter was sent on behalf of Padagis Israel, executed by the Vice President of Legal Affairs at Padagis US (Landon R. Clark), and provided Padagis US as an agent authorized to accept service of process.

33. Padagis notified Neurelis by letter dated September 2, 2025 (the "Third Padagis Notice Letter") that it had submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell the Padagis ANDA Product prior to the expiration of the '852 patent and the '061 patent. The Third Padagis Notice Letter informed Neurelis that

Padagis's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '852 and '061 patents are invalid, not enforceable, and/or not infringed by the Padagis ANDA Product.

34. The Third Padagis Notice Letter was sent on behalf of Padagis Israel, executed by the Litigation and IP Counsel at Padagis US (Andrew Spitzer), and provided Padagis US as an agent authorized to accept service of process.

35. On information and belief, Padagis's ANDA has not yet been approved by the FDA.

## COUNT I
## INFRINGEMENT OF THE '852 PATENT

36. Neurelis re-alleges paragraphs 1-35 as if fully set forth herein.

37. Padagis submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Padagis's ANDA Product prior to the expiration of the '852 patent. By submitting the Padagis ANDA, Padagis has infringed claims 1-31 of the '852 patent under 35 U.S.C. § 271(e)(2)(A).

38. Claim 1 of the '852 patent provides:

> 1. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:
>
> > administering a single spray of 100 μL to one nasal mucosal membrane of the patient of a pharmaceutical solution consisting of:
> >
> > > 56.47 mg of vitamin E USP +/−5%;
> > > 10 mg of diazepam;
> > > 0.25 mg of dodecyl maltoside;
> > > 10.50 mg of benzyl alcohol +/−5%, and a sufficient quantity of ethanol;
> >
> > wherein administering the single spray of the pharmaceutical solution to the patient achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously and is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and

9

> wherein administering the single spray of the pharmaceutical solution to the one nasal mucosal membrane of the patient results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

39. By reason of the Third Padagis Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Padagis's ANDA and ANDA Product literally or through the doctrine of equivalents infringe the claims of the '852 patent. More specifically, Padagis's ANDA and ANDA Product satisfies at least each of the claim limitations exemplified in Claim 1 of the '852 patent and/or their equivalents.

40. On information and belief, immediately upon the FDA's approval of ANDA No. 219320, Padagis intends to, and will, manufacture, use, sell and/or offer to sell the Padagis ANDA Product throughout the United States, and any such commercial activities will directly infringe the '852 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '852 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '852 patent under 35 U.S.C. § 271(c).

41. On information and belief, Padagis has acted with full knowledge of the '852 patent and its claims and without a reasonable basis for believing that it would not be liable for direct, indirect, induced and/or contributory infringement of the '852 patent. Notwithstanding this knowledge, Padagis has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Padagis's ANDA Product immediately and imminently upon approval of the Padagis ANDA. Through such activities, Padagis specifically intends infringement of the '852 patent.

42. As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Defendants' infringement of the '852 patent is not enjoined. Neurelis does not have an adequate remedy at law.

43. As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Defendants' ANDAs be a date which is not earlier than the expiration date of the '852 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT II
## INFRINGEMENT OF THE '061 PATENT

44. Neurelis re-alleges paragraphs 1-43 as if fully set forth herein.

45. Padagis submitted the Padagis ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Padagis's ANDA Products prior to the expiration of the '061 patent. By submitting the Padagis ANDA, Padagis has infringed at least claims 1-62 under 35 U.S.C. § 271(e)(2)(A).

46. Claim 21 of the '061 patent provides:

> 21. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:
>
> > administering a single spray of 100 μL +/-5% of a stable pharmaceutical solution to a nostril of the patient, the pharmaceutical solution containing:
> >
> > > 56.47 mg of vitamin E USP +/-5%;
> > > 10 mg of diazepam;
> > > 0.25 mg of dodecyl maltoside +/-5%;
> > > 10.50 mg of benzyl alcohol +/-5%; and
> > > a sufficient quantity of ethanol;
>
> wherein administering the single spray of the pharmaceutical solution achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously;

> wherein administering the single spray of the pharmaceutical solution is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and
>
> wherein administering the single spray of the pharmaceutical solution results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

47. By reason of the Third Padagis Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Padagis's ANDA and ANDA Product literally or through the doctrine of equivalents infringe the claims of the '061 patent. More specifically, Padagis's ANDA and ANDA Product satisfy at least each of the claim limitations exemplified in Claim 21 of the '061 patent and/or their equivalents.

48. On information and belief, immediately upon the FDA's approval of ANDA No. 219320, Padagis intends to, and will, manufacture, use, sell and/or offer to sell the Padagis ANDA Product throughout the United States, and any such commercial activities will directly infringe the '061 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '061 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '061 patent under 35 U.S.C. § 271(c).

49. On information and belief, Padagis has acted with full knowledge of the '061 patent and its claims and without a reasonable basis for believing that it would not be liable for direct, indirect, induced, and/or contributory infringement of the '061 patent. Notwithstanding this knowledge, Padagis has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Padagis's ANDA Product immediately and imminently upon approval of the Padagis ANDA. Through such activities, Padagis specifically intends infringement of the '061 patent.

50. As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Padagis's infringement of the '061 patent is not enjoined. Neurelis does not have an adequate remedy at law.

51. As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Padagis ANDA be a date which is not earlier than the expiration date of the '061 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Neurelis requests the following relief:

(a) A judgment that the '852 and '061 patents have been infringed by Padagis under 35 U.S.C. § 271(e)(2)(A) by submitting the Padagis ANDA;

(b) A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of Padagis's ANDA Product will infringe the '852 and '061 patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c) A permanent injunction enjoining Padagis, and all persons acting in concert with Padagis, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Padagis's ANDA Product prior to the expiration of the '852 and '061 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) If Padagis commercially makes, uses, sells, or offers to sell the Padagis ANDA Product within the United States, or imports the Padagis ANDA Product into the United States, prior to the expiration of the '852 and '061 patents, including any extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

  (e)  A judgment ordering that the effective date of the approval of the Padagis ANDA be a date which is not earlier than the expiration date of the '852 and '061 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

  (f)  Costs and expenses against Defendants in this action; and

  (g)  Such further and other relief as this Court may deem just and proper.

Date: October 3, 2025

OF COUNSEL:

Michael Sitzman (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
msitzman@mwe.com

Timothy P. Best (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 551-9321
tbest@mwe.com

Connor S. Romm (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Tel: (617) 535-5977
cromm@mwe.com

Hannah Hurley (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
Tel: (650) 815-7527
hhurley@mwe.com

/s/ *Ethan H. Townsend*
Ethan H. Townsend (#5813)
**MCDERMOTT WILL & SCHULTE LLP**
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mwe.com

*Attorneys for Plaintiff Neurelis, Inc.*